Kenneth DAVIS, et al., Plaintiffs,

v.

Richard GLANTON, et al. Defendants.

Civil Action No. 96–1800.

United States District Court,
E.D. Pennsylvania.

April 1, 1996.

Paul R. Rosen, Spector, Gadon & Rosen, P.C., Philadelphia, PA, for Plaintiffs.

Richard P. McElroy, Ann B. Laupheimer, Blank Rome Comisky & McCauley, Philadelphia, PA, for Defendant.

### *MEMORANDUM and ORDER*

ANITA B. BRODY, J.

The issue before me is whether a defamation action originally filed in state court can be removed to this Court, based on the fact that the issues presented in the defamation action are tangentially related to facts presented in a § 1983 action already pending in this Court. I find that removal on this basis is improper, and I therefore grant plaintiff's Motion to Remand.

## I. BACKGROUND

On January 18, 1996, the Barnes Foundation filed an action under § 1983 and § 1985(3), alleging that the Township of Lower Merion, the Township Board of Commissioners, individual Commissioners and various neighbors ("the federal defendants") acted in concert to harass, intimidate, interfere with and discriminate against the Barnes Foundation. The Complaint alleges that the federal defendants were motivated by racial bias and personal animus, and that their actions violated the Barnes Foundation's constitutional rights.[1]

On March 4, 1996, certain federal defendants (namely, several of the Township Commissioners) brought a defamation action in Montgomery County Court of Common Pleas against certain Trustees of the Barnes Foundation. The defendant Trustees removed the defamation action to this Court on March 7, 1996 under three separate provisions: (a) 28 U.S.C. § 1443(1)(b) 28 U.S.C. § 1441 and (c) 28 U.S.C. § 1651. In response, plaintiffs in the defamation action filed a Motion for Remand contesting all three grounds for removal. Reply papers were submitted by both sides, and then oral argument was held on March 29, 1996.

## II. 28 U.S.C. § 1443(1)

The first ground for removal cited by defendants, 28 U.S.C. § 1443(1), states in

---

1. An Amended Complaint was filed on March 7, 1996.

pertinent part: "Any of the following civil actions ... may be removed ...: (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof". 28 U.S.C. § 1443(1).[2] In their removal petition, defendants argue that they "are being subjected to civil rights violations based upon the race of certain of the Trustee defendants and the action filed by plaintiffs is itself an act by which their civil rights have been violated". Joint Notice of Removal at ¶ 4. Defendants further state that the state court is an inadequate forum to redress this claim. See id.

▮▮▮ In order to remove a case under § 1443(1), a two-part standard must be met. First, a person must be deprived of a specific federal right pertaining to racial equality that is protected through a federal statute. See *City of Greenwood v. Peacock*, 384 U.S. at 825–26, 86 S.Ct. at 1811–12; *Georgia v. Rachel*, 384 U.S. at 791–92, 86 S.Ct. at 1789–90. Therefore, § 1443(1) removal is unavailable for claims based solely on violations of the 1st or 14th amendment.[3] See *Johnson v. Mississippi*, 421 U.S. 213, 219, 95 S.Ct. 1591, 1595, 44 L.Ed.2d 121 (1975); *City of Greenwood v. Peacock*, 384 U.S. at 825–26, 86 S.Ct. at 1811–12.

Secondly, the person must show that he or she will be deprived of this right in state court, either due to the existence of a state constitution or statute mandating discrimination, or alternatively because the adjudication of the claim in state court would *inherently* violate federal law. See *Johnson v. Missis-*

*sippi*, 421 U.S. at 219, 95 S.Ct. at 1595 (discussing second prong); *City of Greenwood v. Peacock*, 384 U.S. at 827–28, 86 S.Ct. at 1811–13 (narrowing the Court's previous interpretation of the second prong in *Georgia v. Rachel*[4]); see generally *Kentucky v. Powers*, 201 U.S. 1, 31–33, 26 S.Ct. 387, 396–397, 50 L.Ed. 633 (1906); *Strauder v. West Virginia*, 100 U.S. (10 Otto) 303, 308–11, 25 L.Ed. 664 (1879); *Virginia v. Rives*, 100 U.S. (10 Otto) 313, 319–20, 25 L.Ed. 667 (1879). Without meeting this two-prong standard, removal under § 1443(1) is improper.

Defendants argue that they satisfy the first prong by citing specific federal statutes pertaining to race discrimination, namely § 1983 and § 1985(3). I will not dwell on the merits of this first argument, due to the fact that defendants have clearly failed to satisfy the second prong of the test.

With regard to the second prong, defendants never identify a specific state law or specific article in the Pennsylvania Constitution which would prevent the safeguarding of their federal rights. Alternatively, defendants never demonstrate why the Pennsylvania courts would not be able to adequately protect their rights. In the removal petition, defendants simply state "Trustee defendants' rights will be denied or cannot be enforced in the state court", but never adequately develop this claim in their papers or at oral argument. See Joint Notice of Removal at ¶ 4.

In making their arguments, defendants rely mainly on the broad holding of *Georgia v. Rachel*[5], and fail to recognize that the

---

2. Note that this statute is rarely used as authority for removal. See e.g. *City of Greenwood v. Peacock*, 384 U.S. 808, 828, 86 S.Ct. 1800, 1812, 16 L.Ed.2d 944 (1966), citing *Georgia v. Rachel*, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966).

3. Defendants' claims in oral argument that violations of their first amendment rights should serve as a basis for removal are thus irrelevant for purposes of § 1443(1).

4. Defendants here incorrectly rely on the broader *Georgia v. Rachel* standard. See infra.

5. In *Georgia v. Rachel*, twenty defendants were prosecuted in state court for criminal trespass as

a result of their attempts to obtain service at a privately owned restaurant (open to the general public) in Atlanta, Georgia. The Supreme Court allowed removal, finding that (1) there was a specific federal statute safeguarding defendants' rights, namely Title II of the Civil Rights Act of 1964 which prohibited discrimination in places of public accommodation (including restaurants) and (2) prosecution in state court would be inherently unconstitutional, since "any proceedings in the courts of the State will constitute a denial of the rights conferred by the Civil Rights Act of 1964." *Georgia v. Rachel*, 384 U.S. at 804, 86 S.Ct. at 1796. The Court thus broadly interpreted the second prong of the test, finding that an "equally firm prediction that the defendant

holding in *Georgia v. Rachel* was significantly narrowed by the Court's decision in *City of Greenwood v. Peacock* [6]. Defendants never address the impact of the *City of Greenwood v. Peacock* decision in their papers or in their rebuttal at oral argument, tacitly conceding that they were unable to meet the standard for § 1443(1) removal as identified in *City of Greenwood v. Peacock* and its progeny.

Because defendants' fail to meet the standard for § 1443(1) removal, I find that § 1443(1) is not an appropriate basis for removal of the state law defamation action.

### III. 28 U.S.C. § 1441

■ Defendants also remove this case on § 1441 grounds. In order for a case to be properly removed under § 1441, a federal court must have original jurisdiction over the claim. See 28 U.S.C. § 1441. Because there is no federal question on the face of the state court complaint, defendants must demonstrate that federal law is an essential element of the state case. See *Franchise Tax Bd. of the State of Cal. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 8–11, 103 S.Ct. 2841, 2845–47, 77 L.Ed.2d 420 (1983) (if complaint does not assert federal cause of action, removal is still appropriate if substantial, disputed question of federal law is a necessary element of one of the state claims).

Defendants argue that federal law is an essential element of the defamation action "because it arises under 42 U.S.C. § 1983, by reason of being a retaliatory action designed to deter Barnes' federal civil rights action". Joint Notice of Removal at ¶ 6. In their second set of papers, defendants argue that this case also "arises under" 42 U.S.C.

1985(3). See Defendants' Opposition to Plaintiffs' Motion to Remand at 10–11.

■ However, defendants never satisfactorily demonstrate how the state court defamation action, which will be resolved according to Pennsylvania tort law on defamation, depends on an analysis of federal law.[7] The mere fact that race is an element of the alleged defamatory remarks does not render this suit dependent in any way on § 1983 or § 1985(3) analysis. Indeed, unlike the cases cited by the defendants, the defamation claim here can be resolved without any reference to, or analysis of, a federal statute. Compare *Food Lion, Inc. v. United Food & Commercial Workers Int'l Union*, No. 6:93–0582–1AJ, 1993 WL 410024 at *2 1993 U.S.Dist. LEXIS 14669 at *6 (D.S.C. July 21, 1993) (ERISA is essential element of claim); *Sweeney v. Abramovitz*, 449 F.Supp. 213, 215–16 (D.Conn.1978) (in malicious prosecution case, analysis of grounds of § 1983 claim is essential element of proving whether there was probable cause for bringing the § 1983 claim). In the case at bar, determining the truth or falsity of the alleged defamatory statement does not depend on interpreting § 1983 or any other statute. Therefore, defendants here fail to satisfy the *Franchise Tax Bd.* "necessary element" standard discussed above. See *Franchise Tax Bd. of the State of Cal. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 8–11, 103 S.Ct. 2841, 2845–47, 77 L.Ed.2d 420 (1983).

■ Finally, the crux of the state action complaint stems from statements published in the Philadelphia Inquirer regarding plaintiffs' dishonesty in office (due to "thinly disguised racism"), and therefore the state ac-

---

would be 'denied or cannot enforce' the specified federal rights in state court" is enough to satisfy the second prong. See *id.*

**6.** In *City of Greenwood v. Peacock*, twenty-nine defendants were prosecuted for engaging in civil rights activity in Mississippi. The Supreme Court did not allow defendants to remove to federal court under § 1443(1), claiming that (1) defendants had failed to articulate a specific federal statute protecting their right to protest, and general civil rights statutes were not sufficient to satisfy this requirement (2) and that, as a result, the prosecution in state court was appropriate, since it would not *inherently* violate federal law.

See *City of Greenwood v. Peacock*, 384 U.S. at 825–34, 86 S.Ct. at 1811–16. The Court thus considerably narrowed the second prong of the test by raising the threshold of proof for removal. The Court articulated certain policy considerations for their reexamination of the second prong, including its desire to prevent "the judges of the federal courts ... [from] put[ting] their brethren of the state judiciary on trial." *Id.*, at 828, 86 S.Ct. at 1812.

**7.** Although there may be some common factfinding, the standards for proving a federal suit based on § 1983 and § 1985(3), and a common law defamation suit, are completely different.

tion cannot be viewed solely as a retaliatory measure for bringing the federal claim, but is an independent defamation action in its own right.[8]

I therefore find that this action fails to "arise under" federal § 1983 and § 1985 statutes, and find removal under § 1441 improper.

## IV. ALL WRITS ACT, 28 U.S.C. § 1651

■ The third ground for removal cited in the removal petition is the All Writs Act, which states in pertinent part, "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law". 28 U.S.C. § 1651(a). In their removal petition, defendants argue that the All Writs Act "provides an additional source of removal authority in exceptional circumstances such as this, where government officials are attempting to frustrate the proper administration of justice ... and there is the potential for conflicting judgments with respect to whether or not the government officials have taken action against Barnes for illegitimate motives, including invidious racial discrimination". Joint Notice of Removal at ¶ 7. Defendants further argue that § 1651 has been "frequently invoked ... in cases such as this, where state court proceedings are being used to interfere with the orderly administration of federal jurisdiction." Defendants' Opposition to Plaintiffs' Motion to Remand at 14.

I find that defendants have not met their threshold burden in demonstrating the "extraordinary circumstances" that would justify removal under the All Writs Act in this case. See e.g. *Pennsylvania Bureau of Corrections v. United States Marshals Serv.*, 474 U.S. 34, 43, 106 S.Ct. 355, 361, 88 L.Ed.2d 189 (1985) (courts should rarely exercise § 1651 authority). I further find that defendants have not adequately demonstrated how remanding this action to state court will interfere with the "orderly administration of federal juris-

diction", or how a ruling in state court on whether or not plaintiffs were defamed would conflict with a federal ruling on the § 1983 claims of the Barnes Foundation.

For these reasons, I find that the All Writs Act is an inappropriate basis for removal of the state law action.

## V. CONCLUSION

The three grounds for removal offered by defendants' in their Joint Notice of Removal are insufficient, and I therefore order the following:

### *ORDER*

**AND NOW,** this 1st day of April, 1996, for the reasons stated in the Memorandum accompanying this Order, **IT IS ORDERED** that plaintiff's Motion to Remand is **GRANTED.**

---

**8.** Although defendants may be able to use the filing of the state court action as an element of damages in the federal civil rights action, the fact that the Amended Complaint makes reference to the state court action does not, in itself, necessitate that the two actions be joined for purposes of adjudicating the federal claims.